COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Owen ROBERTS et al., Appellees.

Court of Appeals of Kentucky.

June 10, 1966.

Rehearing Denied Sept. 19, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., C. E. Skidmore, Frankfort, for appellant.

Calvin Ray Robinson, David C. Brodie, Owensboro, for appellees Roberts.

B. C. Green, Green & Connor, Owensboro, for appellee, Owensboro Federal Savings & Loan Ass'n.

CLAY, Commissioner.

Plaintiff appellees brought this suit to quiet their title to a 20-foot strip of land

adjoining the right of way on U. S. 60 in Daviess County. On motion for summary judgment the circuit court found for the plaintiffs and adjudged that the Commonwealth's interest in this strip had been a temporary easement, which interest had reverted to the plaintiffs by reason of nonuser.

In 1926 plaintiffs' predecessor in title had conveyed to the Commonwealth by "General Warranty Deed" what purported to be title to two strips of land running through the grantor's property. The first strip was 60 feet in width and was described generally by metes and bounds. After fixing the width at 60 feet, the deed contained the words "except as hereinafter stipulated".

Later in the deed appears the following:

"It is further agreed that due to the height of fill or depth of cut, widths additional to the above minimum widths are hereby granted as follows: Between Sta 5541∤21 and Sta 5559∤62, 20 feet on west side of road."

Near the end of the deed is the provision:

"It is further agreed that, in the event said tract of land ceases to be used as a public highway, ownership of the property shall revert to the party of the first part".

It is the contention of plaintiffs, upheld by the trial court, that the conveyance of the 20-foot strip created only a temporary easement and that it was extinguished by the passage of time. We can find nothing whatever in the deed which differentiates between the rights conveyed to the Commonwealth in the 60-foot strip and the 20-foot strip.

It is contended that the reference to the "fill" and "cut" indicates the 20-foot strip was needed only for some temporary purpose, but there seems no justification for such surmise. (This area may have been needed permanently for a fill or cut.) It is

also said that the Highway Department maps in Frankfort show that the words "for borrow" were written in the area marking the 20-foot strip. A borrow pit may be either temporary or permanent. It is said that the reversion clause above quoted (which refers to "said tract of land") relates only to the 20-foot strip and denotes its temporary character. This clause cannot be construed as relating only to the 20-foot strip. Obviously it relates to the 60-foot strip as well. The interest held by the Commonwealth in both reverts under the same condition.

As we have said, there is simply nothing in the deed which characterizes the grant of the 20-foot strip as a temporary easement. If that was the intention of the parties, certainly it would have been so described. Also some terminating time or condition (short of ultimate reversion) would have been specified. Neither appears in the deed.

The apparent justification for making separate references to the 60-foot strip and the 20-foot strip was that the additional 20 feet were needed only on one side of the road and did not extend the entire length of the easement.

In our opinion the trial court erroneously construed the deed as granting a temporary easement in the strip in controversy.

Additional issues of nonuser, abandonment and estoppel have been raised in the pleadings and the briefs. In view of the trial court's finding, it was unnecessary to resolve these issues, and we will not undertake to decide their legal sufficiency. To the extent material questions of fact must be resolved, if any, these issues should be tried, with the trial court permitting such further pleadings as may be necessary and proper. The cross-claim of Owensboro Federal Savings and Loan Association should also be adjudicated.

The judgment is reversed for further proceedings consistent with this opinion.